No 14-1128

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| LESLIE S. KLINGER, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| CONAN DOYLE ESTATE, LTD., | ) |
| | ) |
| Defendant-Appellant. | ) |

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division
Case No.: 1:13-CV-01226
The Honorable Ruben Castillo Magistrate Judge: Sheila Finnegan

# MOTION TO REFER APPELLEE'S PETITION FOR ATTORNEYS' FEES TO THE DISTRICT COURT

William F. Zieske (#6244180)
ZIESKE LAW/FINE ARTS LEGAL
123 S. Eastwood Drive #222
Woodstock, Illinois 60098
(312) 252-9599 / fax (312) 278-0599

John J. Bursch
WARNER NORCROSS & JUDD LLP
111 Lyon Street N.W.
900 Fifth Third Bldg.
Grand Rapids, MI 49503
(616) 752-2474

*Counsel for Defendant-Appellant*
*Conan Doyle Estate Ltd.*

Benjamin Allison
SUTIN THAYER & BROWNE
A Professional Corporation
P. O. Box 2187
Santa Fe, New Mexico 87504-2187
(505) 988-5521 / fax (505) 855-9510

*Counsel of Record for Defendant-Appellant*
*Conan Doyle Estate Ltd.*

Defendant-Appellant Conan Doyle Estate Ltd. ("Conan Doyle") moves this Court under Federal Rule of Appellate Procedure 27 and respectfully requests entry of an order deferring to the district court for determination of Plaintiff Leslie Klinger's petition for attorneys' fees.

In support of this Motion, the Estate argues the following:

1. Before filing his fee petition with this Court, Mr. Klinger had filed a Motion for Leave to Amend Fee Petition in the district court ("Motion for Leave to Amend"; Doc. #53 (June 23, 2014)). In his Motion for Leave to Amend in the district court, Klinger sought leave to amend his Fee Petition to account for the additional legal fees and costs he incurred in responding to Conan Doyle's appeal. (*See id.* at 2, ¶ 10.) Mr. Klinger had earlier filed a Fee Petition with the District Court (Doc. # 51 (March 12, 2014)), which was then continued in the District Court until this Court decided Conan Doyle's appeal. (Doc. #52 (March 18, 2014).) On July 1, 2014, District Court Judge Ruben Castillo granted Mr. Klinger's Motion for Leave to Amend and set a briefing schedule on his Amended District Court Fee Petition (Doc. #55 (July 1, 2014)).

2. The same day the district court set that briefing schedule, Mr. Klinger filed his Fee Petition before this Court. ("Circuit Fee Petition"; Case No. 2014-1128, Doc. # 31 (7th Cir. July 1, 2014)). In his Circuit Fee Petition, Klinger also seeks the legal fees and costs he incurred in responding to Conan Doyle's appeal. The next day, this Court ordered Conan Doyle to respond to the Circuit Fee Petition by July 15,

2014, conflicting with the briefing schedule ordered by the district court, which was tied to issuance of the mandate back to the district court.

3. Mr. Klinger thus has fee petitions pending before both this Court and the district court seeking the same relief.

4. On July 3, 2014, Conan Doyle filed its Motion to Stay Mandate, in which it stated its intention to petition for a writ of certiorari with the United States Supreme Court. (*See Klinger v. Conan Doyle Estate, Ltd.*, Case No. 2014-1128, Doc. # 33 at 3, ¶ 5 (7th Cir. July 1, 2014).)

5. Determining attorneys' fee awards involves factual assessment of several factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

6. Mr. Klinger is already seeking recovery of fees for prosecuting his district court action, and a fee petition before the district court for those fees will still have to take place even if this Court determines Mr. Klinger's fees on appeal.

7. Because Mr. Klinger first asked the District Court to consider his appellate fees, and because the district court could handle both trial and appellate fees

in one proceeding, Conan Doyle asks that this Court refer all of Mr. Klinger's fees for determination in the district court in the first instance. Allowing a district court determination will also provide for an appeal to this Court from the district court's decision, should either party seek review.

8. Finally, Conan Doyle intends to seek review of this matter in the United States Supreme Court. Any fee award entered now may either become moot or may be supplemented yet again, depending on the outcome of Supreme Court review. The most efficient course for the courts and the parties would be to allow the district court to decide all attorneys' fee issues, and to exercise its discretion whether to do so now, or after the United States Supreme Court either denies Conan Doyle's petition for writ of certiorari, or renders a decision on the merits.

Respectfully submitted,

Dated: July 9, 2014

s/William F. Zieske

William F. Zieske (#6244180)
ZIESKE LAW/FINE ARTS LEGAL
123 S. Eastwood Drive #222
Woodstock, Illinois 60098
(312) 252-9599 / fax (312) 278-0599

*Counsel for Defendant-Appellant Conan Doyle Estate Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using CM/ECF system on July 9, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 9, 2014.

By */s/ William F. Zieske*

William F. Zieske (#6244180)
ZIESKE LAW / FINE ARTS LEGAL
123 S. Eastwood Drive #222
Woodstock, Illinois 60098
(312) 252-9599 / fax (312) 278-0599

*Counsel for Defendant-Appellant Conan Doyle Estate Ltd.*