No 14-1128

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| LESLIE S. KLINGER, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| CONAN DOYLE ESTATE, LTD., | ) |
| | ) |
| Defendant-Appellant. | ) |

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division
Case No.: 1:13-CV-01226
The Honorable Ruben Castillo Magistrate Judge: Sheila Finnegan

# RESPONSE IN OPPOSITION TO FEE PETITION

William F. Zieske (#6244180)
ZIESKE LAW/FINE ARTS LEGAL
123 S. Eastwood Drive #222
Woodstock, Illinois 60098
(312) 252-9599 / fax (312) 278-0599

John J. Bursch
WARNER NORCROSS & JUDD LLP
111 Lyon Street N.W.
900 Fifth Third Bldg.
Grand Rapids, MI 49503
(616) 752-2474

*Counsel for Defendant-Appellant*
*Conan Doyle Estate Ltd.*

Benjamin Allison
SUTIN THAYER & BROWNE
A Professional Corporation
P. O. Box 2187
Santa Fe, New Mexico 87504-2187
(505) 988-5521 / fax (505) 855-9510

*Counsel of Record for Defendant-Appellant*
*Conan Doyle Estate Ltd.*

Defendant-Appellant Conan Doyle Estate Ltd. (Conan Doyle) hereby responds to the Fee Petition of the Plaintiff-Appellee, Leslie S. Klinger filed in this Court on July 1, 2014.

1. An award of attorney's fees under 17 U.S.C. § 505 is discretionary. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."); *see also Harris Custom Builders v. Hoffmeyer*, 140 F.3d 728, 730 (7th Cir. 1998) ("[W]hether to grant fees is left to the judge's discretion[.]"). The Supreme Court in *Fogerty* specifically held that a fee award under 17 U.S.C. § 505 is not automatic. *Fogerty*, 510 U.S. at 534 ("[W]e reject . . . petitioner's claim that § 505 enacted the British Rule for automatic recovery of attorney's fees by the prevailing party.").

2. *Fogerty* identified the following factors in determining whether a fee award is warranted: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* & n.19.

3. Plaintiff-Appellee Leslie Klinger also seeks fees under Fed. R. App. P. 38, which allows attorneys' fees as a sanction if a court of appeals determines that an appeal is frivolous. Fed. R. App. P. 38 (1998). "In determining whether an award of sanctions is appropriate, typically, courts have looked for some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable

expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 588 (7th Cir. 1994) (stating "[a]n appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit.").

**Conan Doyle's Appeal was Objectively Reasonable in Fact and Law.**

4. As for the objective-reasonableness factor, the principal "purpose of the Copyright Act is to encourage the origination of creative works by attaching enforceable property rights to them." *Matthew Bender & Co., Inc. v. West Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001). "As such, the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Id.* Accordingly, "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted." *Id.*

5. Conan Doyle sought first and foremost to put Mr. Klinger to his proofs. His sole claim for relief in his complaint was "whether the publication of [his forthcoming book] by Plaintiff, his co-editor, and their licensees infringes any copyright of Defendant." R.26. Conan Doyle argued that Mr. Klinger was required to provide his fixed and final new book to the Court for comparison to the protected elements of the Sherlock Holmes and Dr. Watson characters in Conan Doyle's ten copyrighted stories.

6. Conan Doyle's position was not only reasonable but had universal support, including in this Court. Every circuit in the country to address the requirements of a justiciable controversy in these circumstances has held, both before and after *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 134 (2007), that a plaintiff in Klinger's position must submit his new work so the court can decide if any elements of the new work infringe protected elements of the original. *See Matthews Int'l Corp. v. Biosafe Eng'g, LLC,* 695 F.3d 1322, 1329 (Fed. Cir. 2012) (holding that without "specific and concrete evidence regarding" the potential infringing use, "any judicial determination regarding whether such use would infringe the [p]atents would be premature.") (citing *Sierra Applied Sys., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004); *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1527 (Fed. Cir. 1992); and *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 764 (Fed. Cir. 1990)); *Benitec Austl., Ltd v. Nucleonics, Inc.*, 495 F.3d 1340, 1349 (Fed. Cir. 2007) (a party should not be afforded declaratory relief without sufficient "information for a court to assess whether [its future activities] would be infringing or not"); *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 751 (5th Cir. 2009) (affirming dismissal for subject-matter jurisdiction where the declaratory-judgment plaintiff "failed to meet its burden to show that its design was substantially fixed as to the potentially infringing elements," even though defendant had threatened to sue for infringement). Even when a plaintiff intends to re-publish an exact copy of a defendant's copyrighted work and the only issue is copyright validity, courts have held that a justiciable claim

requires the plaintiff to show that its new work is fully prepared and ready for immediate publication. *Re-Alco Indus. v. Nat'l Center for Health Educ., Inc.*, 812 F. Supp. 387, 395 (S.D.N.Y. 1993) (quoting this Court's decision in *International Harvester*).

7. That this Court has now taken a new and unprecedented approach to declaratory judgment actions in an infringement context does not make Conan Doyle's position unreasonable. This Court's decision is contrary to its own prior holding in *Int'l Harvester Co. v. John Deere & Co.*, 623 F.2d 1207, 1216 (7th Cir. 1980), where the Court held that a dispute over whether the defendant's patent rights were valid was not yet justiciable when the plaintiff's potential new work was still in the process of revision. *Id.* ("[T]o be anything other than an advisory opinion, the plaintiff must establish that the product presented to the court is the same product which will be produced if a declaration of noninfringement is obtained."). Conan Doyle's position in this litigation urged the view of the unanimous courts of appeal including this one until the present decision, and including the Supreme Court in *Calderon v. Ashmus*, 523 U.S. 740 (1998), which held that a declaratory judgment requests an advisory opinion if the plaintiff seeks to have a legal dispute decided that is carved out of the ultimate controversy between the parties.

8. Second of all, Conan Doyle sought definition from the Court on what parts of the Holmes and Watson characters remain protected. This position too was well supported in the context of characters partly created in public domain works. *Warner Bros. Entmt. Inc. v. X One X Productions*, 644 F.3d 584, 597 (8th Cir. 2001) ("We

must determine (1) the apparent scope of the copyrights in the later works . . . .") Conan Doyle submitted substantial facts and argument on the scope of that copyrighted character formation, but the Court did not address what the scope of that protection was, and did not apply it to Mr. Klinger's forthcoming book. Conan Doyle's positions were nonetheless supported by the foregoing legal authorities and by five fact affidavits, three from recognized Sherlockian experts and two from literary-character experts, establishing that new attributes of friendship, warmth, emotion, and a host of other details from the ten copyrighted stories are set at different points in Holmes's fictional life, making it extremely difficult if not impossible to create new stories about Holmes without using copyrighted character aspects.

**<u>Conan Doyle's Motivation was to Protect Valid and Existing Copyrights.</u>**

9. Mr. Klinger's Fee Petition does not address *Fogerty*'s motivation factor specifically, but states that the Estate "used its influence in the industry and the threat of litigation to browbeat Klinger's publisher into refusing to publish the Collection." Fee Petition (doc. 31), at 6. The facts are as follows. Klinger's previous book (which he had told the Estate at the time would not infringe) had used copyrighted material. Klinger conceded as much. R.256–57. His publisher had paid a $5,000 license for that book. The Estate learned about his new book by accident when one of its invited writers told the Estate he wanted to use Langdale Pike, a character created solely in the copyrighted ten stories. Klinger again represented that (except for Langdale Pike)

the new book would not infringe. Considering the use of Langdale Pike, however, and the near impossibility of creating new stories while avoiding Holmes's and Watson's copyrighted character formation, Conan Doyle requested a $5,000 licensing fee. Mr. Klinger has steadfastly refused to submit his book to support his claim that it uses no copyrighted material.

**These Circumstances Do not Advance**
**<u>Considerations of Compensation and Deterrence.</u>**

10. Given the modesty of Klinger's proposed new book, Conan Doyle allowed a default judgment to be entered so that Klinger could publish his book without both sides being forced to litigate whether the book infringed Conan Doyle's copyrights. Had Klinger accepted a default judgment, the issue of his book would now be decided and neither side would have had to expend the attorneys' fees now being sought.

11. Because Mr. Klinger requested summary judgment, however, the issue of the book's infringement is still not decided. Although this Court relieved Klinger of his duty to present the final version of his book for decision, and instead accepted Klinger's representation that his book will use no copyrighted material, the Court did acknowledge that when Klinger's book is finally presented (to the world rather than a declaratory-judgment court) it may contain infringement and necessitate another lawsuit. (Slip Op. at 7.) Because Mr. Klinger has never put his new book before any court, and the issue as to whether it infringes has yet to be decided, he cannot claim to

be the prevailing party with respect to the dispute he relied upon to establish jurisdiction.

**<u>Conan Doyle's Appeal Was Not Frivolous.</u>**

12. Far from being a frivolous appeal, the factual and legal issues were substantial and complex. Conan Doyle's positions were firmly supported in some cases by this Court's own precedent, such as its holding that a dispute over the validity of rights is not justiciable when the plaintiff's potential new work was still in the process of revision. *Int'l Harvester Co.*, 623 F.2d at 1216. Other positions were matters of first impression. *Estiverne v. Saks Fifth Avenue*, 9 F.3d 1171, 1174 (5th Cir. 1993) ("Sanctions are inappropriate if the issue is one of first impression."); *Taylor AG Inds. v. Pure-Gro*, 54 F.3d 555, 543 (9th Cir. 1995) (indicating that even in cases where the law is clearly established, if the circuit has never spoken on the issue, an argument cannot be characterized as "wholly without merit"); *Ordower v. Feldman*, 826 F.2d 1569, 1576,(7th Cir. 1987) (indicating that Rule 38 was not violated based upon plaintiffs having "presented substantial arguments on appeal"); *see Carlock v. Nat'l Co-Operative Refinery Ass'n*, 424 F.2d 148, 152 (10th Cir. 1970) (indicating that the complexity of the case weighs against finding an appeal frivolous);

13. Based on the factors endorsed by the *Fogerty* Court, an attorneys' fee award in this case is not warranted.

14. Determining the reasonableness of an attorneys'-fee award involves the factual assessment of several factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

15. Considering these factors, Mr. Klinger's fee is not reasonable when the primary dispute between the parties has not been adjudicated and additional litigation will be required to do so. What was fundamentally at issue in this case was a $5,000.00 licensing fee for the use of Langdale Pike at a minimum—which Conan Doyle was willing to forego via default in order to avoid this expensive litigation. Conan Doyle should not have to pay for Mr. Klinger's choice to expand and continue the dispute to its present posture where it is still not known whether his book may be published without a license.

16. Conan Doyle respectfully requests that the Court exercise its discretion to decline an award of attorneys' fees.

Respectfully submitted,

Dated: July 15, 2014

s/ William F. Zieske
Benjamin Allison
SUTIN THAYER & BROWNE
A Professional Corporation
P.O. Box 2187
Santa Fe, New Mexico 87504-2187
(505) 988-5521

William F. Zieske (#6244180)
ZIESKE LAW/FINE ARTS
LEGAL
123 S. Eastwood Drive #222
Woodstock, Illinois 60098
(312) 252-9599 / fax (312) 278-0599

*Counsel for Defendant-Appellant Conan Doyle Estate Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using CM/ECF system on July 15, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 15, 2014.

By *______/s/ William F. Zieske______*

William F. Zieske (#6244180)
ZIESKE LAW / FINE ARTS LEGAL
123 S. Eastwood Drive #222
Woodstock, Illinois 60098
(312) 252-9599 / fax (312) 278-0599

*Counsel for Defendant-Appellant Conan Doyle Estate Ltd.*